ORIGINAL

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| MARK DEWAYNE FORDHAM, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 309-003 |
| | ) | |
| MICHAEL J. ASTRUE, Commissioner of Social Security Administration, | ) ) ) | |
| | ) | |
| Defendant. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Mark Dewayne Fordham ("Plaintiff") appeals the decision of the Commissioner of Social Security ("Commissioner") denying his application for Supplemental Security Income ("SSI") under the Social Security Act. Upon consideration of the briefs submitted by both parties, the record evidence, and the relevant statutory and case law, the Court **REPORTS** and **RECOMMENDS**, pursuant to sentence four of 42 U.S.C. § 405(g), that the Commissioner's final decision be **REVERSED** and that the case be **REMANDED** to the Commissioner for further consideration in accordance with this opinion.

### I. BACKGROUND

Based on claims of disability dating back to his birth on January 11, 1970, Plaintiff filed for SSI on August 2, 2004.[1] Tr. ("R."), p. 364. His application was denied initially and

---

[1] Plaintiff previously filed an application for SSI benefits on June 30, 1992, alleging that he became disabled in September 1988. R. 79-82. This first application was denied initially and on reconsideration. R. 83-85, 88-89. A hearing was held on the matter, and on July 31,

on reconsideration. R. 347-49, 352-54. Plaintiff then requested a hearing before an Administrative Law Judge ("ALJ"), which was held on April 4, 2007. R. 755-85. At the hearing, the ALJ heard testimony from Plaintiff, who was represented by counsel, as well as a vocational expert ("VE"). R. 388. On September 24, 2007, the ALJ issued an unfavorable decision. R. 12-22. Applying the sequential process required by 20 C.F.R. § 416.920, the ALJ found:

1. The claimant has not engaged in substantial gainful activity since August 2, 2004, the application date. (20 C.F.R. §§ 416.920(b) & 416.971 *et seq.*).

2. The claimant has the following severe impairments: congenital ventricular septal defect (VSD), status-post repair; and hypertension. (20 C.F.R. § 416.920(c)).

3. The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (20 C.F.R. §§ 416.920(d), 416.925, and 416.926).

4. The claimant has the residual functional capacity ("RFC") to perform medium work[2] in that he can lift/carry 50 pounds occasionally and 25 pounds frequently. In an 8-hour work day, he can stand/walk for about 6 hours and sit for about 6 hours. Additionally, he should avoid concentrated exposure to extreme heat. However, the claimant has no past relevant work. (20 C.F.R. § 416.965).

---

1993, the ALJ determined that Plaintiff had been disabled since January 9, 1991. R. 23-29. Plaintiff received his SSI benefits until 2003, when they were terminated due to his incarceration. R. 15; see also 20 C.F.R. § 416.1325(a) (noting that SSI payments are not made to beneficiaries housed in public institutions). Upon his release from incarceration, Plaintiff re-filed for SSI.

[2]"Medium work involves lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds. If someone can do medium work, we determine that he or she can also do sedentary and light work." 20 C.F.R. § 416.967(c).

5. Considering the claimant's age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy that the claimant can perform.[3] (20 C.F.R. §§ 416.960(c) & 416.966). Accordingly, the claimant has not been under a disability, as defined in the Social Security Act, since August 2, 2004.[4] (20 C.F.R. § 416.920(g)).

R. 17-22. When the Appeals Council ("AC") denied Plaintiff's request for review, the Commissioner's decision was "final" for the purpose of judicial review under 42 U.S.C. § 405(g). Having failed to convince the AC to review his case, Plaintiff filed the current civil action in the United States District Court for the Southern District of Georgia, requesting a reversal or remand of the adverse decision. Specifically, Plaintiff contends that the ALJ failed to adequately develop the record by (1) failing to disclose the qualifications of the doctor scheduled to perform a consultative examination or to order a consultative examination with a cardiologist, and (2) failing to obtain the opinion of a medical expert. (See doc. no. 12, pp. 10-15) (hereinafter "Pl.'s Br."). Plaintiff further contends that because the ALJ failed to adequately develop the record, his RFC finding is not supported by substantial evidence. (See id. at 15-17).

## II. STANDARD OF REVIEW

Judicial review of social security cases is narrow and limited to the following questions: (1) whether the Commissioner's findings are supported by substantial evidence, Richardson v. Perales, 402 U.S. 389, 390 (1971); Cornelius v. Sullivan, 936 F.2d 1143, 1145

---

[3]At the hearing on April 4, 2007, the VE testified that these jobs included work as a hotel housekeeper, small products assembler, and sorter. R. 21, 781-82.

[4]Even though Plaintiff filed for SSI based on claims of disability dating back to January 11, 1970, "[p]ayment of [SSI] benefits may not be made for any period that precedes the first month following the date on which the application is filed . . . ." 20 C.F.R. § 416.501.

(11th Cir. 1991); and (2) whether the Commissioner applied the correct legal standards. Chester v. Bowen, 792 F.2d 129, 131 (11th Cir. 1986). When considering whether the Commissioner's decision is supported by substantial evidence, the reviewing court may not decide the facts anew, reweigh the evidence, or substitute its judgment for the Commissioner's. Cornelius, 936 F.2d at 1145. Notwithstanding this measure of deference, the Court remains obligated to scrutinize the whole record to determine whether substantial evidence supports each essential administrative finding. Bloodsworth v. Heckler, 703 F.2d 1233, 1239 (11th Cir. 1983).

The Commissioner's factual findings should be affirmed if there is substantial evidence to support them. Barron v. Sullivan, 924 F.2d 227, 230 (11th Cir. 1991). Substantial evidence is "more than a scintilla, but less than a preponderance: '[i]t is such relevant evidence as a reasonable person would accept as adequate to support a conclusion.'" Martin v. Sullivan, 894 F.2d 1520, 1529 (11th Cir. 1990) (quoting Bloodsworth, 703 F.2d at 1239). If the Court finds substantial evidence exists to support the Commissioner's factual findings, it must uphold the Commissioner even if the evidence preponderates in favor of the claimant. Id. Finally, the Commissioner's findings of fact must be grounded in the entire record; a decision that focuses on one aspect of the evidence and disregards other contrary evidence is not based upon substantial evidence. McCruter v. Bowen, 791 F.2d 1544, 1548 (11th Cir. 1986).

The deference accorded the Commissioner's findings of fact does not extend to his conclusions of law, which enjoy no presumption of validity. Brown v. Sullivan, 921 F.2d 1233, 1236 (11th Cir. 1991) (holding that judicial review of the Commissioner's legal

4

conclusions are not subject to the substantial evidence standard). If the Commissioner fails either to apply correct legal standards or to provide the reviewing court with the means to determine whether correct legal standards were in fact applied, the Court must reverse the decision. Wiggins v. Schweiker, 679 F.2d 1387, 1389 (11th Cir. 1982).

## III. DISCUSSION

In framing the issues presented in this case, a brief history of the events that occurred between the April 4, 2007 hearing before the ALJ and the issuance of his decision will be helpful. At the hearing, Plaintiff's counsel notified the ALJ that he had requested a consultative examination by a cardiologist. R. 768. After hearing testimony from Plaintiff and the VE, the ALJ granted the request, stating "You're absolutely correct, the record needs to be clarified more so I am going to order a cardiac evaluation." R. 782. The ALJ then closed the hearing. R. 785. The first letter Plaintiff received regarding the consultative examination notified him that it was an "Internal Medicine General Medical Exam" with Stanley Wallace, M.D. R. 790. In reliance on the ALJ's statement at the hearing that he was "going to order a cardiac evaluation," Plaintiff objected and requested a cardiology exam. R. 782, 791.

A second "Internal Medicine General Medical Exam" was then scheduled with Cornelius Flowers, M.D. R. 796. Given the issues with the first scheduled examination, Plaintiff's counsel attempted to confirm that Dr. Flowers was a cardiologist. R. 797. However, a woman working for the ALJ refused to release that information to him. Id. Notably, the Commissioner acknowledges in his brief that the request by Plaintiff's counsel for this information was refused. (Doc. no. 13, p. 9) (hereinafter "Comm'r.'s Br."). While

5

Plaintiff's counsel objected to this second "Internal Medicine General Medical Exam," he did offer to "contact [Plaintiff's] most recent treating cardiologist and request that he perform the consultative evaluation." R. 797. There is no indication that the state agency responded to Plaintiff's offer, and Plaintiff did not attend the consultative examination scheduled with Dr. Flowers.

> In his opinion, the ALJ recounted this series of events as follows:
>
> An initial consultative examination was scheduled with Stanley Wallace, M.D., who is an internist. The claimant objected to this consultative examination because Dr. Wallace is not a cardiologist . . . . A second consultative examination was scheduled for the claimant with Cornelius Flowers, M.D. The claimant also refused to attend this consultative examination because he did not know what specialty Dr. Flowers holds . . . .

R. 20 (internal citations omitted). Notably, however, the ALJ omitted from his discussion the fact that Plaintiff's counsel had attempted to obtain Dr. Flowers' qualifications and that the request had been refused. The ALJ went on to find that Plaintiff had not shown good cause for failing to attend the examination, stating as follows:

> Regulation[] 20 C.F.R. [§] 416.918(a) states: 'If you are applying for benefits and do not have a good reason for failing or refusing to take part in a consultative examination or test which we arrange for you to get information we need to determine your disability . . . , we may find that you are not disabled.

Without discussing the situations that may constitute "a good reason," the ALJ went on to conclude that "[t]he claimant's refusal to attend the consultative examination scheduled with Dr. Flowers does not meet any of the reasons outlined . . . for failure to appear. The selection

6

of Dr. Flowers who is trained in cardiology and is an internist as well is in accordance with 20 C.F.R. [§] 416.919(g)."[5] R. 20.

Given this conclusion, the ALJ proceeded to make his decision based on "the evidence currently contained in the record." Id. In making his decision, the ALJ afforded "great weight" to the assessment of a non-examining state agency consultant, Dr. Terry Williams Banks, who found that Plaintiff could occasionally lift 50 pounds, frequently lift 25 pounds, stand or walk for 6 hours in an 8-hour workday, and sit for 6 hours in an 8-hour work day. R. 20, 563. Dr. Banks also stated that Plaintiff should avoid concentrated exposure to extreme heat. R. 566. Notably, these are the same limitations that the ALJ found were warranted in making his determination about Plaintiff's RFC. R. 18.

As noted above, Plaintiff has contended that the ALJ erred in failing to fully develop the record by failing to disclose Dr. Flowers' qualifications or ordering a consultative examination with a cardiologist, and by failing to obtain the opinion of a medical expert. As a result, Plaintiff contends that the ALJ's finding regarding his RFC is not supported by the substantial evidence. In his brief, the Commissioner concedes Dr. Flowers' qualifications were not disclosed to Plaintiff's counsel. (See Comm'r.'s Br., p. 10). However, the Commissioner argues that since Plaintiff refused to attend the consultative examination without a good reason, the ALJ was entitled to render his decision (including a decision regarding Plaintiff's RFC) based on the evidence in the record. (Id. at 11-12). Thus, the

---

[5]The regulations provide that consultative examinations are only performed by a "qualified medical source," which is a medical source who is "currently licensed in the State and [has] the training and experience to perform the type of examination or test" requested. 20 C.F.R. § 416.919g(a), (b).

7

critical issue is whether Plaintiff failed to establish a good reason for failing to attend the consultative exam.

The applicable regulations provide that refusal to attend a consultative examination, without a good reason, can result in a finding of disability based on the evidence in the record. See 20 C.F.R. § 416.918(a) ("If you are applying for benefits and do not have a good reason for failing or refusing to take part in a consultative examination or test which we arrange for you to get information we need to determine your disability . . . , we may find that you are not disabled . . . ."). Good reasons for failing to appear at a consultative examination include the following: (1) illness on the date of the scheduled examination or test; (2) not receiving timely notice of the scheduled examination or test, or receiving no notice at all; (3) being furnished incorrect or incomplete information, or being given incorrect information about the physician involved or the time or place of the examination or test; (4) having a death or serious illness in the claimant's immediate family; or (5) the claimant's treating physician objects to the examination or test. Id. § 416.918(b), (c).

Of particular note here is the third reason listed above: being furnished incorrect or incomplete information about the examination or incorrect information about physician involved. Id. § 416.918(b)(3). Here, Plaintiff's counsel attempted to confirm Dr. Flowers' qualifications to perform the consultative examination, in light of the fact that (1) the ALJ had previously stated at the April 4, 2007 hearing that he would be ordering a "cardiac evaluation," R. 782, (2) Dr. Wallace, the first doctor the ALJ selected to perform the exam, was not trained in cardiology, and (3) the notice to Plaintiff regarding this second consultative examination did not list Dr. Flowers' qualifications and/or specialties.

8

However, the attempts by Plaintiff's counsel to obtain Dr. Flowers' qualifications were admittedly refused. Thus, it appears that Plaintiff was provided with incomplete information about the consultative examination, given that Plaintiff's counsel could not confirm that Dr. Flowers was qualified to perform the examination.

However, in his opinion, the ALJ failed to discuss any of the situations listed in the applicable regulations that may constitute good reason for not attending a consultative examination. Rather, after detailing the events that occurred between the April 4th hearing and the date of the decision (but without any reference to the refused attempt by Plaintiff's counsel to obtain Dr. Flowers' qualification), the ALJ summarily found that Plaintiff had failed to demonstrate a good reason for not attending the consultative examination. However, the ALJ did not even mention, let alone discuss in any detail, the situations that may constitute a good reason under the applicable regulations or how any of those situations applied to the circumstances of Plaintiff's case. Rather, as noted above, the ALJ simply stated as follows:

> Regulation[] 20 C.F.R. [§] 416.918(a) states: 'If you are applying for benefits and do not have a good reason for failing or refusing to take part in a consultative examination or test which we arrange for you to get information we need to determine your disability . . . , we may find that you are not disabled. The claimant's refusal to attend the consultative examination scheduled with Dr. Flowers does not meet any of the reasons outlined . . . for failure to appear. The selection of Dr. Flowers who is trained in cardiology and is an internist as well is in accordance with 20 C.F.R. [§] 416.919(g).

R. 20. However, the ALJ fails to state how Plaintiff's counsel should have been aware of Dr. Flowers' qualifications when his attempt to confirm that Dr. Flowers was qualified to perform the consultative examination were admittedly refused. That said, this omission is

9

not surprising in light of the ALJ's failure to discuss the efforts of Plaintiff's counsel to obtain information about the physician scheduled to perform the consultative examination. In sum, it appears that the ALJ gave short shrift to the applicable regulations, and therefore it is unclear how the ALJ reached his determination that Plaintiff had failed to show good cause for attending the consultative examination, especially in light of the fact that Plaintiff was apparently not provided with complete information about the consultative examination.

Notwithstanding the Commissioner's attempt to provide support for the ALJ's decision that Plaintiff had failed to show good cause (see generally Comm'r.'s Br.), this Court cannot now engage in an administrative review that was not done in the first instance by the Commissioner.[6] Martin v. Heckler, 748 F.2d 1027, 1031 (11th Cir. 1984) (noting it to be "inappropriate on judicial review for the first time to apply administrative criteria not themselves considered by the [Commissioner]"). Indeed, the law requires the Commissioner to provide a well-reasoned, well-articulated decision. Without such an analysis, the federal courts are unable to provide claimants with sound, meaningful review of the administrative decision. The Court cannot second-guess what the ALJ may have been thinking or may have intended to consider when he found that Plaintiff had not established a good reason for failing to attend the consultative examination. While the Court is making no determination as to whether Plaintiff failed to show good cause for not attending the scheduled consultative examination, the ALJ's decision does not adequately explain his reasoning or provide the Court with the means to determine whether the correct legal standards were applied. See

---

[6]To the extent the Commissioner argues that Plaintiff should gone to the examination and then requested Dr. Flowers' qualifications before the examination began (see Comm'r.'s Br., p. 8), the Court notes that he cites no authority in support of this position.

Wiggins, 679 F.2d at 1389 (noting that failure to provide the reviewing court with a sufficient basis to determine whether the correct legal standards were applied is "grounds for reversal"). Thus, it cannot be said that the ALJ's determination that Plaintiff failed to show good cause for not attending the scheduled consultative examination (and in turn, his decision to render his opinion, including his finding regarding Plaintiff's RFC, based on the evidence in the record) is supported by substantial evidence.

Accordingly, this case should be remanded. On remand, the ALJ should consider whether Plaintiff has shown good cause for failing to attend the consultative examination, based on the applicable regulations and the events described above.[7] If the ALJ finds, after proper consideration of the applicable regulations, that Plaintiff has established a good reason for not attending the consultative examination, then another examination should be scheduled. See 20 C.F.R. 416.918(a) ("If you have a good reason [for not attending a consultative examination], we will schedule another examination."). If not, then the ALJ may make his decision regarding Plaintiff's disability based on the evidence in the record. See id. ("If you are applying for benefits and do not have a good reason for failing or refusing to take part in a consultative examination . . . , we may find that you are not disabled . . . .").

---

[7]The Court is aware that Plaintiff has filed a "Motion to Perfect the Record," in which he states that the record in this case is missing, *inter alia*, a letter written by the ALJ to Plaintiff's counsel on April 13, 2007. (See doc. no. 15). According to Plaintiff, this April 13th letter references the ALJ's request that a "cardiovascular consultative examination" be scheduled. (Id. at 1; see also R. 799). While the Commissioner has been unable to locate this letter (see doc. no. 16), Plaintiff states that he has a copy of this April 13th letter, (see doc. no. 15, p. 1). A determination as to whether Plaintiff has shown good reason for not attending the consultative examination scheduled with Dr. Flowers will necessarily involve consideration of this April 13th letter. Accordingly, in an Order entered simultaneously with this Report and Recommendation, the Court has directed Plaintiff to file this letter in the record in this case.

11

## IV. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS**, pursuant to sentence four of 42 U.S.C. § 405(g), that the Commissioner's final decision be **REVERSED** and that the case be **REMANDED** to the Commissioner for further consideration in accordance with this opinion.

SO REPORTED and RECOMMENDED this 13th day of May, 2010, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE